May it please the court, I am Cindy Victor for the appellant and if I may reserve four minutes for rebuttal please. This case presents a number of issues and a number of facts and I've been in front of this court and the judge is off enough to know that you all have reviewed that so without going into detail on that. With respect to the argument we have basically four arguments. One, that Systematic did not receive procedural and substantive due process. Two, that it was not afforded equal protection. Three, that it its rights were violated for exercise, it was retaliated against for exercise of its First Amendment rights. And finally, a state law claim for unjust enrichment. With respect to the procedural and substantive due process, Systematic submitted that it did not receive due process in the revocation of its conditional land use, which is a special land use, that's just the term that the city uses for it, because first the decision maker was not impartial. The decision maker was employed by the city, was a former lawyer for the city, had been a former member of the city's law department, and as the memorandum, which was part of the record below from what the city calls Mr. Rhodes' law clerk, that was dated March 11, 2010, a month, more than a month before the hearing, it sets forth what the conclusions of the hearing are going to be. That there will be a revocation of the hearing, these are the arguments Systematic's going to make, but here's how you're going to handle them and deny them. So it was predetermined before the show clause hearing even started. You know, if you talk to my law clerks, you'd find out that there are a lot of times when they urge some result on me that I'm unwilling to adopt. I'm remembering that there was some kind of an affidavit or statement from the judge that said that he, or the hearing officer that said that he did not, in fact, was not, that he made an independent judgment on this. We don't accept that? Well, no, Your Honor, with all due respect to him and having been a former law clerk myself, I certainly understand that situation of being a law clerk, but given what the memorandum says and given the opinion, when you compare the two of them, you see that there is, in this case, that despite what the affidavit says, the parallels are too striking to be mere coincidence. The other part of the hearing that was suspect and fits in with what the memorandum says is going to happen is the notice of hearing said it was going to be because Condition 26 wasn't involved. At the hearing, and that was the only grounds for the hearing, Condition 26. At the hearing... Well, Condition 26 had to do with whether there was an HCA. Correct. And there wasn't. There was not, but what it says is that Systematic must enter into an HCA, and Systematic did enter into the HCA. Well, you don't just enter into it. You have to maintain the status, don't you? Correct. And the HCA had lapsed. The city allowed it to lapse. Right. It's not Systematic who allowed it to lapse. What obligation falls on the part of the city to maintain it permanently? The obligation goes hand in hand with the term of the special land use. If they set a term in the special land use that it's dependent on an agreement, and Systematic then does all it needs to do to get the agreement, if the city itself says, we're going to make your compliance with Section 26 impossible because we won't give you that HCA. Well, but I mean that the permit doesn't say the city has an obligation to agree with you. The agreement doesn't say they have an obligation to agree with you. Normal law would not suggest that they have an obligation to agree with you. Where would you derive such an obligation? Because if by putting the term in the conditional land use, the only thing that Systematic can control is its willingness and ability to enter into the agreement. Well, if you can't get an agreement, you can't use the status. Well, but you have then an impossibility of performance, which puts the city then becomes a lot. How about looking at it as a condition on your use in the way you wish to use it of being both obtaining the permit and obtaining an agreement? Your Honor, if this were, if I were here on an application and they were saying that, and I was arguing that I had a legitimate entitlement, but they wouldn't give me the conditional land use, I would absolutely agree. But in this case, we did obtain the special land use. We had a property right in it continuing. We complied with all of the terms when we obtained it. We complied with all of the terms for three years. The city then chose not to. You don't have a property interest in anything relating to this property at this point in time, do you? In the conditional land use, we have an interest in the conditional land use. Once the conditional land use... But, I mean, the property's been sold. Correct, but there's still, right, but at the time... And to what does the conditional land use apply? The conditional land use applied to my client's use of the property. Once it was... The property that has been sold, not some other property, right? It can be transferred, but with respect to that, when it was revoked, that was the basis for it being sold, my client being evicted from the property. When it was sold, it was sold to someone who actually had bribed the city, who testified that he had, Avinash Rakhmali, that he had paid bribes to the Detroit Water Department and to Kwame Kilpatrick. He actually did that. The city allowed him to operate a composting facility on that. I know I'm jumping ahead to equal protection. And then, in order to retain his standing with the Detroit Water Board to get the rights back, he gave the property to the city. So the city owned that property and is using it for their wastewater treatment facility, which is what my client had said back in 2009 was the goal of the city in wanting her off the property in the first place. So, mindful of the time, with respect to the equal protection claim, there were others who were allowed to operate who were in the same exact situation. Two of them, Americal and Dinacol, also were required to have host community agreements. One of them operated without one, even though that was a condition in their use. The others both had significant environmental violations, and they're not a composting facility where you take leaves and grass and turn it into peat moss, basically. But there wasn't any alleged bribery connected with any of the others, was there? There was not, but in this case, and to go to that, there isn't. I mean, the hearing officer himself found that my client and her company had nothing to do with bribery. But they don't want to allow a process to continue on land that is undermined by fraud, by a misdemeanor or a felony, I don't know which. But ultimately, the bad guy, Mr. Bad Guy, who was doing the bribery, was going to benefit because your company was paying under a lease on that land. Is that correct? No. The lease was there whether or not we got the conditional land use. The money was paid before the conditional land use. It was an upfront, one-time payment. So there was no benefit to him for us to get the conditional land use in any way, shape, or form. And my client is the one who did everything for the conditional land use. The lease payment had been paid before the alleged bribery. But it wouldn't continue, would it? There was no more continuing. It was a one-time payment for the lease term. Are you talking about the first three years or whatever the first term was? Right. Mr. Rosendahl, who was the person allegedly did the bribery, and as we point out in our brief, there's nothing to support what he says in his hearsay Rule 11 document. He was the landlord and not related in any way. And look at the contract itself. In this case, everyone at the city council that voted, as you see in our brief, that said, you don't need it to continue. If we don't approve it, you can continue to operate. We were operating there without the host community agreement when we opened up. And under the host community agreement, my client gets nothing from the city. There's no preferential treatment. There's no deal that the garbage comes to her or anything. Under the host community agreement, she has to pay more money and get more inspections. There isn't a predicate reason for why someone would bribe anyone to pay more money and have more inspections. There was no benefit. Well, the benefit was having your operation on the land. But they were operating. If the host community agreement was denied, as you see, I've excerpted it in our brief, at the city council meeting, it was said, what happens if we don't approve this? And the city council was told they will operate without the host community agreement, just like AmeriCal and Dynacal have done. So there wasn't anything there. I know I just have a few more minutes. Just to get to my very last argument on unjust enrichment, the city has claimed that, tying into what you were saying, Judge Daughtry, that this was procured by fraud and that it was void ab initio. If it's void ab initio, then the money that was paid under it should be returned. Thank you. Okay. Good morning. Sherry White on behalf of the appellees. In this case, there are, indeed, four main issues. With regard to the procedural due process, Judge Daughtry, we've touched on, we've discussed this. Mr. Rhoades' affidavit demonstrates he was not influenced by Mr. Gallegos. But Gallegos' memo, he points out precisely where he disagreed with the statements in that memo. And also that Mr. Gallegos worked under him. He was not an employee of the City of Detroit Law Department. There's no evidence of any improper ex parte communication or anything else to call Mr. Rhoades' impartiality into question. With regard to the substantive due process, I think we got to the bottom line on this one, Judge Gibbons. There was the conditional land use grant required the host community agreement. It expired by its own terms after two years. The city had no obligation to continue it beyond that two-year term. There was nothing in there, as there often is on that subject. There was no obligation to continue it. The city had a basis to decline to renew that host community agreement. A federal plea agreement, did the city have any further duty to investigate? Charges brought by the U.S. Attorney? The city had a right to reasonably rely on that Rule 11 plea agreement. And the hearing officer, although he found that Systematic was not directly involved in paying a bribe, bribes were clearly involved in procuring this host community agreement, and that in itself was sufficient to decline to renew it. I remember Systematic paid the bribe, whether it was that. That is what the Rule 11 agreement. Mr. Rhoades said something a little bit different, but yes, you're right, Judge Gibbons. It's the Rule 11 agreement, and I have it here. I have a portion of it. It does say that Systematic paid a bribe. If I need to see it, I'll check it out in the record. And with respect to the ordinances, another thing I wanted to point out with regard to the ordinances, in Plaintiff's reply brief at page 20, they quote the December 2013 version of section 61-5-34, which talks about when a condition is not complied with such that a certificate of occupancy can't be issued. That's the current version of that ordinance. The version that was in effect at the time is the version that's in our brief, which talks about and maintained at all times thereafter. And if the Court would like, I have copies of each of those versions. But I did want to point out that that was a newer version that Plaintiff pointed out in their reply brief. With regard to the Equal Protection Claim, it's undisputed that Zug Island Investments was given permission only to clean up the debris that remained after Systematic was evicted. And just a point with regard to the Retaliation Claim, and we point out very clearly in our brief, Paragraph 30 in Plaintiff's original complaint in this case talked about, they were seeking, originally in this case what they were seeking was a hearing. And that's what the City was trying to give them. Plaintiff is trying to say that we retaliated by revoking the grant. In their complaint, Paragraph 30, the original complaint in this lawsuit, they talked about wanting a hearing. And the City tried to give Systematic what Systematic wanted, which was a hearing which ultimately they were given. And, of course, had Systematic prevailed at that hearing, obviously we wouldn't be here. But what we did was give Systematic what they were seeking at the time. We weren't retaliating for anything. With regard to unjust enrichment, no court has ever found the Conditional Land Use Permit, or HCA, to be void ab initio. So that does not apply. Also, as we indicate in our brief, Systematic would also have to return any profits that it made. One other point, the mootness issue as an alternative ground for affirmance. As we point out, plaintiff has not established, the district court says, plaintiff made a claim that the revocation discouraged the plaintiff's municipal customers from entering into long-term composting contracts, and consequently the plaintiff's business dried up. There is absolutely no evidence of that in this record. Absolutely none. And as we say in our brief, there's no damages flowing from the revocation since Systematic continued to operate until it was removed, not by the City, but by the receiver in 2011. And no, they haven't established that their business dried up as a result of the... Did they continue to operate even without an HCA? They continued to operate while this litigation continued to be pending at that time. Right. And they continued to operate until the receiver had them removed in 2011. Okay. And for some period of time in there, were they operating without an HCA? Yes, they were because the HCA expired March 31, 2009. So, yes, May of 2011 they were. So, yes, they were operating for two years. Without? Without an HCA, that is correct, Judge Dodger. Are there any further questions? I have none. We would, therefore, ask that the District Court's decision be affirmed. Ms. Victor, did you reserve some rebuttal time? I did, Your Honor. Okay. I'll try to be brief for Your Honor in view of the heavy courtroom today. Systematic, the issue of whether systematic paid a bribe, at page ID 1579 of the record, it says, the hearing officer found after listening to evidence, I recognize that systematic recycling did not commit fraud or bribery. The fact that the Rule 11 agreement may have said that is part of what is so suspect. I was drawing a distinction between whether systematic itself was guilty of bribery or fraud and whether systematic's funds were used to pay the bribe. They never were. That's the point. That's what the hearing officer found. What you just read to me doesn't say that. That was the summary of it. If you look at the hearing officer's opinion, he does go through and say that systematic's funds were not used to pay the bribe. And that lends even more suspicion to that Rule 11 agreement. With respect to the issue of, excuse me, that there was no obligation to continue, the obligation, systematic didn't have to have the agreement in the first place. And Judge Daughtry, to your question and to Sister Counsel, they operated from 2006 through the end of 2007 without an HCA as well. The reason that they said they operated and then they were, it was the receiver who removed them, if you look at the timeline, the conditional land use was revoked and the BZA decision was April 26, 2011. Based on the revocation of the special land use, then my client was removed from the property in May of 2011. Absent the removal, the revocation of the special land use, that removal from the property would not have happened. As for Zug Island being there only to clean up, there was no record and evidence in the record to support that assertion. In fact, we had submitted evidence that they registered as a composting facility with the MDEQ, and that's also in the record. As for saying that the revocation hearing was only something we had asked for, paragraph 30 of our complaint does not say that. Paragraph 30, our complaint only dealt with at that time when we filed our complaint. It was simply that they were not going to renew the host community agreement, and we wanted a hearing on that. After we filed a complaint asking for due process as to renewal of the host community agreement, we then were hit with, we're going to take away your whole special land use. And we then began to, as we continued to litigate this, receive up to 15 municipal infractions a day for things that were not under our control, a building on a different owned property, things like that, things that were not part of our property. And all of those tickets went away finally after we were removed and we lost the case. Is there any indication in the record that the bankruptcy would, I mean, you all would have ended up off the land because of the bankruptcy in any event, wouldn't you? No, I don't believe so, because if our conditional land use continued, we wouldn't have been removed from the land and the city's property wasn't taken away as part of the bankruptcy. The city has that property still. The bankruptcy, I don't believe, affected that. Thank you so much for your time this morning. And please extend my condolences to Judge Griffin. Thank you. We thank you both for your argument, and we'll consider the case carefully. Thank you.